**STATE of Missouri ex rel. Dixie STANTON, Relator,**

v.

**Honorable Thomas K. McGUIRE, Judge of the Circuit Court of Greene County, Missouri, Division Four, Respondent.**

No. 16846.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 29, 1990.

Devon F. Sherwood, Sherwood, Honecker & Bender, Springfield, for relator.

Dale L. Davis, Bussell, Hough, O'Neal, Crouch & Hall, Springfield, for respondent.

PARRISH, Presiding Judge.

This is an original action in prohibition. Relator filed a petition for writ of prohibition contending that the respondent circuit judge is without jurisdiction to proceed with a jury trial in a matter that originated in the probate division of the Circuit Court of Greene County. A preliminary order in prohibition was entered. Rule 97.04. For the reasons that follow, that preliminary order is quashed.

The guardian and conservator of Hazel Johns filed a petition for discovery of assets in the probate division of the Circuit Court of Greene County. §§ 475.160 and 473.340.[1] A jury trial was requested. § 473.340.2. The judge of the probate division then entered an Order Assigning Cause for Jury Trial. That order recited that the probate division of the Circuit Court of Greene County did not have the necessary physical facilities in which to conduct a jury trial. The order requested that the matter be assigned to another division of the circuit court. It directed "that the Presiding Judge assign the Petition for Discovery of Assets ... to another Division to hear the jury trial." The presiding judge of the circuit court assigned the case to the respondent circuit judge for purposes of conducting a jury trial on the petition for discovery of assets. The assignment order provided that, upon completion of the jury trial, the case was to return to the probate division "for disposition."

Relator contends that the assignment of the case by the presiding judge to respondent is contrary to provisions of Mo. Const. art. V, § 27.4.a [2] and contrary to the local court rules [3] of the Circuit Court of Greene County. Relator requested this court to prohibit respondent from proceeding fur-ther with the jury trial on the petition to discover assets, denominated as case number CV287-287 in the circuit court.

The provisions of the local court rules to which relator refers are local court rules 6.2.2 and 6.2.3.[4] Local court rule 6.2.2 identifies the classes of cases that the judge of the probate division of the Greene County Circuit Court shall hear. It assigns "[a]ll matters pertaining to probate business" to the judge of the probate division, referencing § 472.020 and reciting the same types of proceedings as are itemized in that statute. Local court rule 6.2.3 designates the classes of cases assigned to circuit judges other than the judge of the probate division.

Prior to 1979, probate matters were heard by probate judges. On January 2, 1979, the duty of hearing and determining probate matters became the responsibility of the circuit court by reason of article V of the Missouri Constitution.[5]

Article V established the circuit court as a single trial court with original jurisdiction of all civil and criminal cases. Mo. Const. art. V, § 14. There are three categories of judges of the circuit court—circuit judges, associate circuit judges and municipal judges. Each is authorized to hear and

---

**1.** All references to statutes are to RSMo 1986, unless otherwise stated.

**2.** Article V, § 27.4.a states:

Each judge who served as probate judge and who is in office on the effective date of this article in such city and counties shall continue to serve in the capacity of judge of the probate division of the circuit court until his successor is selected and qualified, provided that with his consent any circuit or associate circuit judge in the circuit at his request may hear, try and dispose of any matter, case or classes of cases assigned to him by such judge of the probate division, ....

**3.** The authority for circuit courts to adopt local court rules is recognized in Mo. Const. art. V, § 15 which states, in pertinent part:

Section 15.1. ... The circuit judges of the circuit may make rules for the circuit not inconsistent with the rules of the supreme court.

**4.** A copy of the local court rules of the 31st Judicial Circuit (Greene County) is included in the legal file in this case. This court, therefore, judicially notices the provisions of local court rules 6.2.2 and 6.2.3 of the 31st Judicial Circuit and judicially notices that the 31st Judicial Circuit consists of Greene County which is a first class county that had a population of more than 65,000 on January 2, 1979, the effective date of article V of the Missouri Constitution.

**5.** Mo. Const. art. V, § 27.2, states *inter alia:*

Section 27. Except as otherwise provided in this article, the effective date of this article shall be January 2, 1979.

.     .     .     .     .

2. All magistrate courts, probate courts, courts of common pleas, the St. Louis court of criminal correction, and municipal corporation courts shall continue to exist until the effective date of this article at which time said courts shall cease to exist. When such courts cease to exist:

.     .     .     .     .

b. The jurisdiction of probate courts within the circuit shall be transferred to the circuit court and such courts shall become divisions of the circuit court.

.     .     .     .     .

determine different categories of cases. *Id.* at §§ 15–17 and 23. The circuit judges and associate circuit judges of each judicial circuit elect a circuit judge as presiding judge for the circuit. *Id.* at § 15.3. The presiding judge exercises general and administrative control over the judicial circuit. This includes assigning cases—either on a case-by-case basis or by class of cases—to particular judges. Those assignments are made within the constraints imposed by the constitution, statutes, and local court rules. *Id.* at §§ 15.1, 17, and 27.4; § 478.240 and .245, RSMo Cum.Supp.1989.

Article V, § 27.4.a contains special provisions regarding the role of those judges who were selected to be "probate judges" prior to January 2, 1979. In all first and second class counties with a population of over 65,000, the judges who were previously probate judges became circuit judges.[6] Probate judges in counties having populations less than 65,000 became associate circuit judges.

Article V was implemented by a series of statutes enacted by the Missouri legislature. Most of the implementing statutes were enacted in 1978 as House Bill 1634.[7]

The petition for discovery of assets was properly filed in the probate division of the Circuit Court of Greene County, *supra,* n. 5, for the reason that, prior to the effective date of the present judicial article, a petition for discovery of assets was a proceeding that was within the exclusive jurisdiction of the probate court. *Mathews v. Pratt,* 367 S.W.2d 632, 635 (Mo.1963). The petition was filed pursuant to § 475.160.[8] That statute directs that the circuit court in which such an action is filed "shall proceed on such petition in accordance with the provisions of section 473.340, RSMo."

Section 473.340.2 provides that if a party demands a jury trial, "the judge of the probate division may certify the cause for assignment in the manner provided in subsection 2 of section 517.520, RSMo." Section 473.340.2 was part of House Bill 1634 as enacted in 1978. Subsection 2 of § 517.520, to which § 473.340.2 refers, was also a part of House Bill 1634. As originally enacted, § 517.520.2 stated, in pertinent part:

> [If] a jury trial is requested, the presiding judge of the circuit shall assign the case to a circuit judge if one is readily available, may assign the case to a qualified associate circuit judge who is readily available with the case to be heard on the record in accordance with procedures applicable before circuit judges....

§ 517.520.2, RSMo 1978.

In 1985, § 517.520, RSMo 1978, was repealed. New statutes were enacted that deal with matters previously addressed by § 517.520, RSMo 1978, other than the procedure to be followed when the judge of a probate division, pursuant to § 473.340 or § 475.160, certifies a matter for jury trial to the presiding judge for assignment to another judge. No new provision was enacted for that purpose.

Relator suggests that the action taken in the underlying probate proceeding, viz., the request by the judge of the probate division for the presiding judge to assign the matter to "another Division to hear the jury trial" and the presiding judge's subsequent assignment of the matter to respondent for trial, does not authorize the respondent circuit judge to conduct the requested jury trial. Relator argues that the judge of the probate division has not "consented" to the matter being tried by the respondent judge; that "[n]o provision is made for delegation of this consent to the presiding judge of

---

6. The judge of the probate division of the Circuit Court of Greene County is a circuit judge. *See* Mo. Const. art. V, § 27.4.a. N.B. that the population of Greene County was more than 65,000 on January 2, 1979, the effective date of article V, n. 4, *supra.*

7. For a summary of the implementing legislation, see Bartlett, *House Bill No. 1634 Judicial Article Implementation as Truly Agreed and Fi-* *nally Passed April 30, 1978,* 34 J.Mo.Bar 315 (1978).

8. Section 475.160 was not part of House Bill 1634. Prior to 1978, it existed with the same basic content as in RSMo 1986. The only changes since 1978 have been amendments that make the language in § 475.160 consistent with changes that have been made in other probate statutes.

the circuit court." Further, according to relator, since local court rule 6.2.2 provides that the judge of the probate division shall hear and determine "[a]ll matters pertaining to probate business" and local court rule 6.2.3 provides that the other circuit judges (which includes respondent) "shall hear and determine all classes of cases except those to be heard and determined by the Judge of the Probate Division and the Associate Circuit Judges," the presiding judge's authority to assign cases per § 478.240, does not extend to probate matters. Relator argues that because local court rules 6.2.2 and 6.2.3 explicitly state what classes of cases the judge of the probate division shall hear and determine and what classes of cases the other circuit judges shall hear and determine, the presiding judge cannot assign a probate matter to a circuit judge who is not the judge of the probate division. Relator points to § 478.240.2 to support her argument. That statute limits the presiding judge's authority to assign cases to particular judges in certain instances which include assigning a case to a judge "contrary to provisions of supreme court rules or local circuit court rules." § 478.240.2(3). Relator concludes that the assignment by the presiding judge to respondent is in violation of local court rules 6.2.2 and 6.2.3.

Relator's argument fails in two respects: (1) the judge of the probate division, by the very terms of the Order Assigning Cause for Jury Trial, "consented" for the jury trial to be conducted by such other judge as the presiding judge assigned; and (2) local court rules 6.2.2 and 6.2.3 do not, under the facts of this case, prohibit the presiding judge from assigning a probate matter to a judge other than the judge of the probate division.

Relator has placed considerable emphasis on the provision in Mo. Const. art. V, § 27.4.a, that provides that a person who was sitting as probate judge immediately prior to the effective date of article V was, after the effective date of the article, to serve as the judge of the probate division of the circuit court.[9] Relator says the proviso that other judges must have the consent of the judge of the probate division has not been met. She says there is no provision whereby the judge of the probate division may "delegate" his consent to the presiding judge and contends this is what occurred.

To the extent that relator asserts that article V, § 27.4.a does not give instructions as to what mechanics the judge of the probate division is to follow in order to give consent, she is correct. There is nothing in article V, § 27.4.a that prescribes how that judge is to "consent to" or "request" or otherwise assign probate matters to another judge for hearing. Section 473.340 states that the judge may certify a matter in which a jury trial has been requested "for assignment." As noted, the procedure originally prescribed for certifying such matter is now meaningless for the reason that the statute which § 473.340 cites as establishing "the manner" for certification (§ 517.520.2, RSMo 1978) was previously repealed. There is little guidance other than the terms of the constitution itself. However, as the supreme court has stated, "[i]t is manifest that words used in constitutional provisions must be viewed in context." *Gregory v. Corrigan*, 685 S.W.2d 840, 842 (Mo. banc 1985).

The language in article V, § 27.4.a is directed to the rights of individual judges, who were probate judges previously,[10] to

9. This court judicially notices that Judge Don E. Burrell served as judge of the Probate Court of Greene County, that he was in office in that capacity immediately prior to January 2, 1979, and thereafter served as circuit judge of the 31st Judicial Circuit, serving successive terms that expired December 31, 1982, and December 31, 1988, and he is presently serving a term that will expire December 31, 1994. Missouri Manual 1977–1978; Missouri Manual 1979–1980;

Missouri Manual 1983–1984; Missouri Manual 1989–1990.

10. This court does not, by this case, consider nor decide whether this provision of Mo. Const. art. V, § 27.4.a applies only to the term of office that was being served by a particular probate judge who was in office immediately prior to January 2, 1979, or whether that provision also applies to one or more additional terms of office to which that judge has been elected or for which he or she has been retained after the

continue after January 2, 1979, in a judicial capacity which permits them to utilize their acquired expertise in the field of probate law. By reviewing the provision in the context of the judicial article as a whole, it is evident that its drafters were interested in affording former probate judges an assurance that they would, after January 2, 1979, continue working in the same field of expertise in which they worked before that date. At the same time, the former probate judges were not constitutionally locked into probate tasks without any means of getting assistance in disposing of probate matters, nor were they prevented from changing the nature of their work if they desired.

The judge of the probate division of the Circuit Court of Greene County entered an order in case number CV287–287 acknowledging that a jury trial was requested and that his division did not have sufficient facilities in which to conduct the jury trial. That judge, in accordance with article V, § 27.4.a, requested that the case be transferred to another division of the circuit court for trial. The judge of the probate division acknowledged that § 473.340 permits a judge of a probate division to certify this type of matter for assignment. The order entered in case number CV287–287 directed the presiding judge to assign the probate matter to another division "to hear the jury trial." By so doing, the judge of the probate division consented for the jury trial in the probate case to be heard by such other circuit judge or associate circuit judge of the Circuit Court of Greene County who might be assigned by the presiding judge. This action by the judge of the probate division of the circuit court was consistent with Mo. Const. art. V, § 27.4.a and was sufficient to enable another judge within that circuit to hear and determine the matter for which a jury trial was requested.

■ After the judge of the probate division of the circuit court entered the Order Assigning Cause for Jury Trial, the presiding judge ordered the case assigned to respondent "for trial by jury." The presiding judge's order directed that the case be returned to the probate division for disposition following completion of the jury trial. This occurred after the judge of the probate division of the circuit court had exercised the right, expressly granted by statute, to certify the cause for assignment. § 473.340.2. That action by the judge of the probate division removed the matter from the probate division. It was no longer a matter to be heard and determined by the judge of the probate division of the circuit court. It then became a matter to be heard and determined by another circuit judge. Local court rules did not prohibit one of the judges "of Division One, Division Two, Division Three and Division Four" of the Circuit Court of Greene County from being assigned to the case. There being no provisions of supreme court rules or local court rules prohibiting such an assignment (§ 478.240.2(3)), the presiding judge had "the authority to assign judges to hear such cases or classes of cases as the presiding judge may designate," § 478.240.2, RSMo Cum.Supp.1989. The assignment by the presiding judge was a valid exercise of his "general administrative authority over the court and its divisions." *Gregory v. Corrigan, supra,* at 842.

The Preliminary Order in Prohibition previously entered whereby respondent was directed to take no further action in case number CV287–287 pending in the Circuit Court of Greene County is ordered quashed.

FLANIGAN, C.J., and SHRUM, J., concur.

term that was being served January 2, 1979, expired.